UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 16-183-HRW

PAMELA LYNN HAMPTON,                                                            PLAINTIFF,

v.                      **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff protectively filed her current application for disability insurance benefits in March of 2013, alleging disability beginning in December 2012, due to a history of lower back pain and related surgeries (Tr. 133-139). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Karen Jackson (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Tina Stambaugh, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 40 years old at the time of the alleged onset of disability. She has a high school education and her past relevant work is that of a receptionist (Tr. 21).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr.15).

The ALJ then determined, at Step 2, that Plaintiff suffers from back pain, status post surgical procedures in 1998, 2007 and 2012 as well sa obesity, which he found to be "severe" within the meaning of the Regulations (Tr. 15-16).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 16).

The ALJ further found that Plaintiff could perform to her past relevant work as a

receptionist (Tr. 20) and further concluded that she could perform a range of light work, with certain restrictions, as set forth in the hearing decision (Tr. 17).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 20).

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial

evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff contends that the ALJ by improperly discounted the opinions of her treating physician, Nadeem Shaikh, M.D.

The opinion of a treating physician is generally given greater weight than that of an examining physician, provided the opinion is based upon detailed clinical and diagnostic evidence. *Bogle v. Sullivan*, 998 F.2d 342, 347-348 (6th Cir. 1993). The Court is mindful of the fact that it is the ALJ who makes the ultimate determination of disability, not the treating doctor. *Houston v. Secretary of Health & Human Services*, 736 F.2d 365, 367 (6th Cir. 1984). However, if the treating physician's opinion is rejected, the ALJ must detail the basis for rejecting the opinion. *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987).

Plaintiff saw her primary care physician Dr. Shaikh in July of 2013, for the purpose of having paperwork completed (Tr. 319-21). This was the first time Plaintiff had seen Dr. Shaikh since her December 2012 surgery. She rated her pain as an eight, and said nothing relieved or exacerbated her symptoms (Tr. 319). Dr. Shaikh simply noted some lumbar spine tenderness and increased her Neurontin dosage (Tr. 321). A week later, however, he completed a form in which he opined that, due to failed back syndrome, Plaintiff had severe pain and could work for only two hours per day, stand 15 minutes at a time, sit 30 minutes at a time, lift a maximum of five pounds, and never bend (Tr. 315).

This opinion of dire physical limitation is at odds with the assessment of state agency physician Amanda Lange, M.D., who, in May 2013, reviewed the record and concluded that Plaintiff was capable of lifting 20 pounds occasionally and 10 pounds frequently;

4

standing/walking for about six hours and sitting for about six hours in an eight-hour workday (with the need to periodically alternate sitting and standing to relieve pain and discomfort); performing limited pushing and pulling with the lower extremities; occasionally climbing; and frequently stooping, kneeling, crouching, and crawling; and that she also needed to avoid concentrated exposure to extreme cold and vibration (Tr. 67-70). With regard to the sit-stand option, Dr. Lange explained that Plaintiff needed the option to sit for five minutes after one hour of continuous walking/standing, or the option to stand for five minutes after one hour of continuous sitting (Tr. 68). In her assessment, Dr. Lange discussed medical evidence to date, as well as Plaintiff's statements about her reportedly limited activities and abilities, concluding that, as of March 2013, Plaintiff appeared to be neurologically intact and that her allegations were only "partially credible" based on objective information (Tr. 69-70).

The ALJ discussed these two opinions, in detail, and ultimately gave more weight to the opinion of Dr. Lange. The ALJ gave less weight to Dr. Shaikh's extreme limitations not because they conflicted with Dr. Lange's limitations, but because they lacked support from the objective medical findings. The Court finds no error in this regard.

Indeed, as the ALJ also accurately noted (Tr. 20), Dr. Shaikh appeared to have had very little direct participation in Plaintiff's care during the relevant period (i.e., December 2012 forward) beyond completing the functional capacity form, and his own limited objective findings did not suggest disabling back problems. Dr. Shaikh only examined Plaintiff once during the period in which Plaintiff claims to have been disabled, and his only objective finding related to Plaintiff's back was simply that she had some lumbar spine tenderness to palpation (Tr. 321). To the extent Plaintiff argues that Dr. Shaikh worked in close connection with nurse practitioner

Amy Terry, who conducted the bulk of Plaintiff's primary care appointments (and whose treatment notes post-dated Dr. Lange's May 2013 opinion), that may well have been true, but Ms. Terry's objective findings on examination were similarly lackluster. She repeatedly found no focal neurological deficits and simply noted some ongoing lumbar tenderness, decreased lumbar range of motion, and restricted joint movement (Tr. 290, 293, 297-98, 301-02, 305, 309)—none of which supports the extreme functional limitations Dr. Shaikh identified. Lack of support in treatment records is a well-accepted reason for discounting a treating physician's opinion. *See* 20 C.F.R. § 404.1527(c)(3).

Plaintiff criticizes the ALJ's acceptance of Dr. Lange's opinion over that of Dr. Shaikh because the limitations Dr. Lange assessed came "out of thin air." Yet, the records reveal the Dr. Lange considered medical records showing Plaintiff's history of back surgeries, her statement to Dr. Bean that she felt much better than before the most recent surgery despite some ongoing symptoms, the fact that she had an independent and the fact that she had no right-sided lower extremity weakness (Tr. 69-70, *see* Tr. 283-85).

Moreover, the record establishes that after both opinions were rendered, there are no records advising Plaintiff to limit her activities, and she never recommended stronger pain medications (e.g., narcotics), other treatment modalities (e.g., injections), or referral to a pain management specialist (Tr. 290, 291-93, 297-29, 301-02). This further detractys from Dr. Shaikh's opinion of extreme physical limiation.

Given the lack of supporting clinical and diagnostic data, and the inconsistency with other, credible, medical evidence in the record, record, the Court finds that the ALJ did not error in discounting Dr. Shaikh's assessment of Plaintiff's physical functioning.

6

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 18th day of September, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge